IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SISVEL INTERNATIONAL S.A., and | ) | |
| 3G LICENSING S.A., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 19-1143-MN |
| v. | ) | |
| | ) | |
| HONEYWELL INTERNATIONAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT HONEYWELL INTERNATIONAL, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT

*Of Counsel*:

Mark Supko
Joshua M. Rychlinski
Zach Ruby
Emily G. Tucker
CROWELL & MORING, LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004-2595
(202) 624-2500
msupko@crowell.com
jrychlinski@crowell.com
zruby@crowell.com
etucker@crowell.com

Brian Paul Gearing
CROWELL & MORING, LLP
590 Madison Avenue, 20th Floor
New York, NY 10022-2544
(212) 223-4000
bgearing@crowell.com

ASHBY & GEDDES
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbyeddes.com

*Attorneys for Defendant Honeywell
International, Inc.*

John S. Gibson
CROWELL & MORING, LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400
jgibson@crowell.com

Robert P. McNary
CROWELL & MORING LLP
515 S Flower St., 40th Floor
Los Angeles, CA 90071
(213) 622-4750
rmcnary@crowell.com

December 17, 2019

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...............................................................................................1

II.     ARGUMENT ......................................................................................................1

        A.      Sisvel Failed to Plead a Plausible Claim for Direct Infringement ......................... 1

        B.      Sisvel Failed to Plead a Plausible Claim for Indirect Infringement....................... 5

                1.      Sisvel Failed to Plausibly Allege Inducement ........................................... 6

                2.      Sisvel Failed to Plausibly Allege Contributory Infringement.................... 8

        C.      Sisvel Failed to Plead a Plausible Claim for Willful Infringement ....................... 9

        D.      Sisvel Should Be Required to Provide Detailed Infringement Charts................. 10

III.    CONCLUSION..................................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*10x Genomics, Inc. v. Celsee, Inc.*,
    C.A. No. 19-862-CFC-SRF, 2019 WL 5595666 (D. Del. Oct. 30, 2019) ................................5

*AgroFresh Inc. v. Essentiv LLC*,
    C.A. No. 16-662-MN, 2019 WL 350620 (D. Del. Jan. 29, 2019) ....................................3, 8, 9

*Artrip v. Ball Corp.*,
    735 F. App'x 708 (Fed. Cir. 2018) .....................................................................................2, 8

*In re Asbestos Prods. Liability Litig. (No. VI)*,
    822 F.3d 125 (3d Cir. 2016)....................................................................................................7

*Blue Spike LLC v. Comcast Cable Commc'ns, LLC*,
    C.A. No. 19-159-LPS-CJB, 2019 WL 4242930 (D. Del. Sept. 6, 2019)..................................3

*Bos. Sci. Corp. v. Nevro Corp.*,
    C.A. No. 18-0644-CFC, 2019 WL 6310225 (D. Del. Nov. 25, 2019) .....................................3

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
    C.A. No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012).................................7, 8

*Disc Disease Solutions, Inc. v. VGH Solutions, Inc.*,
    888 F.3d 1256 (Fed. Cir. 2018)..........................................................................................1, 2

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010)..............................................................................................5

*Genedics, LLC v. Meta Co.*,
    C.A. No. 17-1062-CJB, 2018 WL 3991474 (D. Del. Aug. 21, 2018) ..................................2, 3

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) ........................................................................................................10

*Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*,
    C.A. No. 17-1086-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018) .......................................4

*Modern Telecom Sys., LLC v. TCL Corp.*,
    C.A. No. 17-583-LPS-CJB, 2017 WL 6524526 (D. Del. Dec. 21, 2017) ............................5, 9

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
    C.A. No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014)......................................7

*Regents of the Univ. of Minnesota v. AT&T Mobility LLC*,
   C.A. No. 14-4666-JRT/TNL, 2016 WL 7670604 (D. Minn. Dec. 13, 2016) ........................... 2

*SIPCO, LLC v. Streetline, Inc.*,
   230 F. Supp. 3d 351 (D. Del. 2017) ......................................................................................... 1

*Valinge Innovation AB v. Halstead New England Corp.*,
   C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ............................. 9

## I.      <u>INTRODUCTION</u>

Far from arguing that the Amended Complaint provides fair notice of how Honeywell's products allegedly infringe the 12 patents-in-suit, Sisvel doubles down on its bare-bones pleadings strategy. Sisvel argues that a Federal Circuit panel decision in 2018 signaled a sea change in pleading jurisprudence, taking the law back to the pre-*Iqbal/Twombly* days when all a plaintiff had to do was satisfy now-abrogated Form 18 of the Federal Rules of Civil Procedure. But Sisvel reads far too much into *Disc Disease Solutions, Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018), which numerous district courts have rightly limited to cases involving "simple technology" that renders the infringement theory self-evident. Here, the patents-in-suit are not simple. Accordingly, Sisvel must provide more than boilerplate allegations to render its infringement claims plausible and provide Honeywell with fair notice of what it must defend. Because Sisvel's complaint provides only that, it should be dismissed.

## II.     <u>ARGUMENT</u>

### A.      <u>Sisvel Failed to Plead a Plausible Claim for Direct Infringement</u>

As detailed in Honeywell's opening brief (D.I. 18), the sum and substance of Sisvel's direct infringement allegations is: (1) Sisvel owns 12 patents ("Asserted Patents"), (2) Honeywell sells certain products and/or product families ("Accused Products"), and (3) the Accused Products infringe the Asserted Patents. These are precisely the type of conclusory allegations that were summarily dismissed in *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351 (D. Del. 2017), as well as many other cases. *See* D.I. 18 at 6-8. Far from disputing the bare-bones nature of its allegations, Sisvel instead seeks refuge in *Disc Disease*, arguing that the Federal Circuit confirmed that generic allegations such as those Sisvel offers here are sufficient. D.I. 21 at 4-6. The Federal Circuit did no such thing.

*Disc Disease* did not alter the fundamental requirement for pleading a patent

infringement claim, namely, providing the defendant with fair notice of how an accused product allegedly infringes:

> The plaintiff in [*Disc Disease*] plausibly pled direct infringement by ***specifically identifying*** the infringing products and alleging those specific products ***included each element of the patented claims***. The complaint provided the defendants ***fair notice of how they infringed***—the plaintiff had named each of the three allegedly infringing products and had attached their photographs as exhibits to the complaint.

*Artrip v. Ball Corp.*, 735 F. App'x 708, 714 (Fed. Cir. 2018), *cert. denied,* 139 S. Ct. 1177 (2019) (citations omitted).[1] Because *Disc Disease* concerned "simple technology," the Federal Circuit found the plaintiff's photographs of the accused products sufficient to explain the infringement theory.[2] *Disc Disease*, 888 F.3d at 1260. Indeed, judges in this District have distinguished *Disc Disease* on that exact basis. *E.g.*, *Genedics, LLC v. Meta Co.*, C.A. No. 17-1062-CJB, 2018 WL 3991474, at *12 n.15 (D. Del. Aug. 21, 2018) ("***[T]he patents at issue here concern subject matter that is much more technologically sophisticated than in Disc Disease.***").

The significantly greater complexity of the technology at issue here renders *Disc Disease* inapposite. Sisvel describes the Asserted Patents as "relate[d] to technology for cellular communications networks, including variations or generations of cellular communication network technology such as, but not limited to 2G, 3G, and 4G/LTE." D.I. 8, Am. Compl., ¶ 13. Cellular telephony is substantially more complicated than the inflatable back brace at issue in *Disc Disease. See, e.g.*, *Regents of the Univ. of Minnesota v. AT&T Mobility LLC*, C.A. No. 14-4666-JRT/TNL, 2016 WL 7670604, at *2 (D. Minn. Dec. 13, 2016) ("Here, the University's suit

---

[1] All emphasis added unless otherwise indicated.

[2] Attached as Exhibit A hereto is a demonstrative showing a side-by-side comparison between photographs included in Disc Disease's complaint and figures from its asserted patent, graphically illustrating that the accused product appeared to be a virtual knock-off of the inflatable back brace described in the patent.

is for patent infringement claims relating to 4G LTE transmissions, ***an extremely complicated technology*** that is ubiquitous in modern life."). Moreover, it is readily apparent from reading the Asserted Patents and the particular claims Sisvel is asserting that the alleged inventions do not relate to the external physical structure of communications devices, but rather to their internal structures and functions.[3] Thus, Sisvel's theory of infringement cannot be gleaned from a simple visual comparison of the Accused Products and Asserted Patents. Given this technological complexity, Sisvel has not provided the required "factual allegations in the body of the Complaint" necessary to give Honeywell reasonable notice of the infringement claims, let alone render them plausible.[4] *See, e.g.*, *Genedics*, 2018 WL 3991474, at *12 n. 15.

Judges in this District have consistently held that conclusory pleadings like Sisvel's are insufficient. For example, in *AgroFresh*, this Court dismissed comparable boilerplate infringement allegations:

> [I]nstead of identifying the 'allegations of underlying direct infringement,' Plaintiff simply reiterates the same boilerplate allegation that Defendants themselves 'directly infringe' and 'have actively and specifically intended to induce third party customers to infringe.' ***There are no facts pleaded to render these allegations plausible, and the allegations are therefore insufficient to meet the required pleading of underlying direct infringement.***

*AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662-MN, 2019 WL 350620, at *3 (D. Del. Jan. 29, 2019) (Norieka, J.); *see also Bos. Sci. Corp. v. Nevro Corp.*, C.A. No. 18-0644-CFC, 2019 WL 6310225, at *3-4, and n.2 (D. Del. Nov. 25, 2019) ("These allegations fall short of the *Iqbal/Twombly* pleading standard because they fail to show *how* the accused products plausibly read on the asserted claim elements.") (emphasis in original); *Blue Spike LLC v.*

---

[3] *See, e.g.*, '561 Patent, claim 10 (D.I. 8-1), '803 Patent, claim 17 (D.I. 8-4), '933 Patent, claim 1 (D.I. 8-6).

[4] Sisvel's vague suggestion that the Asserted Patents are somehow "relate[d]" to certain cellular communication technologies and standards (D.I. 8 at ¶ 13) is meaningless for notice purposes. Sisvel has not alleged that the patents are essential to any particular standard, nor has it even alleged that any of the Accused Products practice any particular standard.

*Comcast Cable Commc'ns, LLC*, C.A. No. 19-159-LPS-CJB, 2019 WL 4242930, at *2 (D. Del. Sept. 6, 2019) (holding plaintiffs must plead facts that "plausibly indicate that Defendant's accused instrumentalities practice each of the limitations asserted in the relevant claims."); *Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*, C.A. No. 17-1086-LPS, 2018 WL 5669168, at *11-12 (D. Del. Nov. 1, 2018) ("Plaintiff must have had its reasons for thinking that Defendants practiced these limitations . . . . *It should have just pleaded whatever facts it had relating to those reasons*.").[5]

The cases on which Sisvel relies suffer from a consistent defect: The plaintiffs in all of those cases provided far more detailed allegations than Sisvel has here. For example, in *Dodots Licensing Solutions LLC v. Lenovo Holding Co., Inc.*, the plaintiff went "through each limitation of claim 1" to show how the accused product met them. C.A. No. 18-098-MN, 2018 WL 6629709, at *3 (D. Del. Dec. 19, 2018). Similarly, the plaintiffs in *Encoditech LLC v. Qardio, Inc.* and *AgroFresh Inc. v. Hazel Technologies, Inc.*, provided allegations about the specific functionality of the accused products. C.A. No. 18-2059-MN, 2019 WL 2526725, at *6 (D. Del. June 19, 2019); C.A. No. 18-1486-MN, 2019 WL 1859296, at *2 (D. Del. Apr. 25, 2019). Sisvel, by contrast, has provided *no details* about how any of Honeywell's products allegedly infringe any of the Asserted Patents.

Sisvel's continued reliance on allegations that fail to explain *how* the Accused Products allegedly infringe is particularly problematic with regard to the numerous method claims Sisvel

---

[5] Sisvel argues that *Horatio Washington* does not apply because "the plaintiff failed to allege that all limitations of the asserted claims were met" (D.I. 21 at 6), but this is not accurate. Rather, the *Horatio* court found "Plaintiff has not ***pleaded <u>facts</u>*** relating to these claim limitations, ***sufficient to explain why it is plausible*** that Defendants' product/acts satisfy those elements of the claims." *Horatio Washington*, 2018 WL 5669168, at *12. In fact, the *Horatio* plaintiff's allegations are *more detailed* than Sisvel's. Unlike the *Horatio* plaintiff, which described defendant TOMAR's products in detail, *id.* at *11-*12, Sisvel has not even tried to describe Honeywell's products in any level of detail. *See generally* D.I. 8.

is asserting. For instance, Sisvel alleges that Honeywell is not only contributing to and inducing others to infringe those claims, but also alleges that Honeywell is *directly* infringing them. Since selling a product capable of, or even configured to, perform a patented method is *not* infringement, *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1329 (Fed. Cir. 2010), it is unclear how Sisvel believes Honeywell is directly infringing those claims. *See 10x Genomics, Inc. v. Celsee, Inc.*, C.A. No. 19-862-CFC-SRF, 2019 WL 5595666, at *11 (D. Del. Oct. 30, 2019) (plaintiff should "clearly delineate the separate theories of infringement to avoid confusion"). Likewise, given the lack of any mapping between the claimed methods and use of the Accused Products, Honeywell is left to guess whether Sisvel is contending that the ordinary use of those products by customers is always sufficient, in and of itself, to practice the claimed methods, or whether only particular ways of using such products infringe. Sisvel's ambiguous pleadings cannot support its claims of direct infringement. *See, e.g.*, *id.* at *11 (holding a plausible infringement claim requires "a showing that every step of the claimed method has been practiced").

Sisvel's direct infringement claims should be dismissed because they fail to provide Honeywell with reasonable notice of how its Accused Products allegedly infringe.

### B.    Sisvel Failed to Plead a Plausible Claim for Indirect Infringement

The deficiencies in Sisvel's direct infringement claims are sufficient to warrant dismissal of Sisvel's indirect infringement claims too. *Modern Telecom Sys., LLC v. TCL Corp.*, C.A. No. 17-583-LPS-CJB, 2017 WL 6524526, at *4 (D. Del. Dec. 21, 2017) ("Because Plaintiff's allegations of induced, contributory and willful infringement all require that there be *plausible allegations of direct infringement* (and there are not), the allegations as to those claims are necessarily insufficient as well."). Nevertheless, Sisvel's opposition also fails to overcome Honeywell's showing of deficiencies in the Amended Complaint regarding the additional

requirements for pleading indirect infringement.

**1.     Sisvel Failed to Plausibly Allege Inducement**

Consistent with its approach on direct infringement, Sisvel argues that the Amended Complaint provides sufficiently-detailed allegations to meet the bare minimum necessary for induced infringement, (D.I. 21 at 7-9), but its arguments rest on paraphrases of boilerplate allegations, without pointing to any facts to render the inducement claim plausible.

Regarding the pre-suit knowledge requirement for inducement, Sisvel argues that it satisfied this requirement for some of the Asserted Patents by a notice letter allegedly sent to Honeywell in January of 2018 and by service of the Amended Complaint for the remaining patents. D.I. 21 at 2. But that argument ignores the fact that Sisvel's inducement allegations are identical for all 12 patents, and state that Honeywell "*has induced* and continues to induce others to infringe." *Compare* D.I. 8 at ¶ 23 (for originally asserted '561 patent) and ¶ 143 (for later-asserted '503 patent). Honeywell is thus left to guess for each Asserted Patent whether Sisvel is alleging pre-suit inducement, post-suit inducement, or both. Such ambiguous pleading is insufficient to support a plausible inducement claim. *See Dodots*, 2018 WL 6629709, at *4 (granting motion to dismiss in part because "[t]he Court is unable to discern whether Plaintiff is attempting to plead inducement based on pre-suit conduct, or whether Plaintiff's allegations of inducement are limited to activities *after the filing of the original complaint* (or later).").

Regarding the requirement to plead *how* Honeywell supposedly induced infringement, Sisvel points only to a generic allegation, repeated verbatim for all 12 patents, that Honeywell's "actions that aid and abet others . . . to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused

Instrumentality."[6] *E.g.*, D.I. 8 ¶¶ 24, 36. But given that the Amended Complaint provides no details about how the Accused Products allegedly directly infringe the Asserted Patents, simply pointing to advertising, instruction materials and the like sheds no light on how Honeywell is allegedly encouraging its customers to use those products in an infringing manner. *See, e.g.*, *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, C.A. No. 13-2052-LPS, 2014 WL 4675316, at *6 (D. Del. Sept. 19, 2014) ("[A]bsent sufficient factual allegations as to how the Accused Products are said to infringe the patents-in-suit, assertions that a defendant provided unspecified 'training and instructions to [its] customers concerning the use of the Accused Products' are not specific enough to allege the requisite encouragement.");[7] *see also* D.I. 18 at 11. Even as to the 5 patents for which Sisvel alleges it gave Honeywell pre-suit notice of infringement, the purported notice letter (attached as Exhibit B hereto) fails to provide any details as to how even the subset of Accused Products mentioned in the letter allegedly infringe, and thus fails to remedy Sisvel's deficient inducement claim.[8]

Regarding the intent requirement, Sisvel attempts to distinguish Honeywell's cited authority establishing the insufficiency of those allegations, *Chalumeau v. Alcatel-Lucent* and *Dodots*, on the basis that the plaintiffs there did not properly plead pre-suit knowledge. D.I. 21 at

---

[6] The Amended Complaint uses the term "Accused Instrumentalities" to refer collectively to several different products and/or product families, suggesting that each one allegedly infringes the Asserted Patents in exactly the same, albeit completely unspecified, way. *See* D.I. 8, ¶ 9.

[7] Sisvel attempts to distinguish *Neology* by arguing that the inducement claims were made about multiple defendants, (D.I. 21 at 8), but the case was really about the level of detail necessary to plead induced infringement. *Neology, Inc.*, 2014 WL 4675316, at *6. The *Neology* court addressed Neology's failure to distinguish between the two defendants as a completely separate basis to dismiss the complaint. *Id.* at *7.

[8] Given Sisvel's repeated citations to the notice letter in the Amended Complaint, the Court may properly consider the document for purposes of deciding a Rule 12(b)(6) motion. *See, e.g.*, *In re Asbestos Prods. Liability Litig. (No. VI)*, 822 F.3d 125, 133 n.7 (3d Cir. 2016) (confirming that court may properly consider documents "integral to or explicitly relied upon in the complaint" without converting the motion to one for summary judgment) (emphasis omitted).

9. However, in both cases, the court expressly addressed *post-suit* knowledge of the alleged infringement and nonetheless found inducement was not adequately pled. *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, C.A. No. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) ("In this case, I do not think the Amended Complaint supplies any factual accompaniment that would convert the ***post-suit knowledge*** into a plausible allegation of knowledge of the infringing use."); *Dodots*, 2018 WL 6629709, at *4. Sisvel's attempt to escape this authority is thus unavailing.

For all of these reasons, Sisvel has failed to plead a plausible claim for inducement with respect to any of the Asserted Patents, and those claims should therefore be dismissed.

## 2.     Sisvel Failed to Plausibly Allege Contributory Infringement

Sisvel does not dispute that it has alleged *no facts* to support an inference that the Accused Products lack a substantial non-infringing use—a fundamental requirement for contributory infringement liability. *See* D.I. 21 at 9-10. Instead, Sisvel argues that current law does not require any more detailed pleading than it provided. *Id.* However, the Federal Circuit has unambiguously held that a plaintiff "must '***plead facts that allow an inference*** that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip*, 735 F. App'x at 713 (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012)); *see also AgroFresh*, 2019 WL 350620, at *5 (aggregating Delaware cases). Even in Sisvel's primary case, *IOENGINE v. Paypal*, the court found the contributory infringement claim at issue inadequate. C.A. No. 18-452-WCB, 2019 WL 330515, at *6 (D. Del. Jan. 25, 2019) ("The allegations of contributory infringement . . . are devoid of factual support, and consist of no more than recitations of the elements of the cause of action.").

Sisvel also argues that *AgroFresh* is inapposite because the outcome supposedly turned on the plaintiff's failure to identify specific accused products (D.I. 21 at 10), but Sisvel is wrong.

The holding there instead was based on plaintiff's failure to allege anything beyond the statutory elements of a contributory infringement claim. *AgroFresh*, 2019 WL 350620, at *5. The *AgroFresh* plaintiff did "not dispute that these allegations simply parrot the statutory language regarding contributory-infringement," and this Court expressly found that such minimalistic pleading did not provide a sufficient basis for the Court to infer that the accused product was incapable of a substantial non-infringing use. *Id.* Sisvel's contributory infringement claims are fatally deficient for the same reason.

### C.       Sisvel Failed to Plead a Plausible Claim for Willful Infringement

As with indirect infringement, Sisvel's failure to allege a plausible claim of direct infringement is fatal to its willful infringement claim. *See Modern Telecom*, 2017 WL 6524526 at *4 (noting that "allegations of … willful infringement [] require that there be plausible allegations of direct infringement"). In addition, Sisvel fails to rebut Honeywell's showing regarding the inadequacy of the allegations on the specific requirements for willful infringement.

Sisvel's argument in support of its claim that Honeywell willfully infringed five of the Asserted Patents rests entirely on the supposed adequacy of a one-sentence allegation (repeated for each of the five patents) referring to the purported notice letter of January 31, 2018. D.I. 21 at 10-11. But merely mentioning that letter—without attaching it to the Complaint or even quoting its contents—does not support a reasonable inference that Honeywell, after learning of the existence of those patents, "knew, or should have known, that its conduct amounted to infringement."[9] *Valinge Innovation AB v. Halstead New England Corp.*, C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018). Sisvel *still* has yet to explain how it believes the Accused Products infringe the Asserted Patents, rendering its willfulness claim

---

[9] Sisvel's letter did not provide an element-by-element infringement analysis even for the subset of the Asserted Patents and subset of the Accused Products that it mentions. *See* Ex. B at 1-3.

implausible on the record before the Court. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1936 (2016) (Breyer, J., concurring) (holding that willfulness is not established "simply because the evidence shows that the infringer knew about the patent *and nothing more.*") (emphasis in original). Sisvel's willfulness claims are deficient and should be dismissed.

### D. Sisvel Should Be Required to Provide Detailed Infringement Charts

Sisvel argues, in the alternative, that it should be granted leave to amend its pleadings if the Court finds the Amended Complaint inadequate. D.I. 21 at 11. Notably, Sisvel has already amended its pleadings once, yet failed to address the numerous deficiencies cited by Honeywell. Nevertheless, should the Court grant leave to amend, Honeywell respectfully requests that Sisvel be ordered to provide, at the very least, reasonably detailed claim charts explaining how each one of the Accused Products allegedly infringes the asserted claims of each one of the Asserted Patents, thereby hopefully avoiding the need for further motions practice regarding the sufficiency of the pleadings.

## III. CONCLUSION

For the foregoing reasons, Sisvel's Amended Complaint fails to state a claim upon which relief can be granted, and Honeywell therefore respectfully requests that the present motion be granted.

*Of Counsel:*

Mark M. Supko
Joshua M. Rychlinski
Zach Ruby
Emily G. Tucker
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 624-2500
msupko@crowell.com
jrychlinski@crowell.com
zruby@crowell.cometucker@crowell.com
zruby@crowell.com
etucker@crowell.com


Brian Paul Gearing
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
(212) 223-4000
bgearing@crowell.com

John S. Gibson
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
(949) 263-8400
jgbibson@crowell.com

Robert P. McNary
CROWELL & MORING LLP
515 S Flower St., 40th Floor
Los Angeles, CA 90071
(213) 622-4750
rmcnary@crowell.com

Dated:  December 17, 2019

ASHBY & GEDDES

*/s/ Steven J. Balick*

_____
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com


*Attorneys for Defendant Honeywell
International, Inc.*