**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SISVEL INTERNATIONAL S.A.,

3G LICENSING S.A.,

                Plaintiffs,

     v.

HONEYWELL INTERNATIONAL, INC.,

                Defendant.

**Civil Action No. 1:19-cv-01143-MN**

**JURY TRIAL DEMANDED**

## THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Sisvel International S.A. and 3G Licensing S.A. (collectively, "Plaintiffs"), for their Third Amended Complaint against Defendant Honeywell International, Inc. ("Honeywell" or "Defendant"), allege the following:

### NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

2.     Sisvel International S.A. ("Sisvel") is an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

3.     3G Licensing S.A. ("3G Licensing") is also an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

4.      Founded in Italy in 1982, Sisvel is a world leader in fostering innovation and managing intellectual property.  Sisvel works with its partners offering a comprehensive approach to patent licensing: from issuing initial calls for essential patents; facilitating discussions among stakeholders; developing multiparty license agreements; executing and administering licenses; to collecting and distributing royalties.  At the same time, Sisvel actively promotes a culture of respect and understanding of the intellectual property and innovation ecosystem through, for example, its regular presence at the key consumer electronics trade fairs and intellectual property events, participation in policy discussions and conferences, as well as open dialogues with a number of government bodies, standard-setting organizations and industry associations.

5.      In early 2016, Sisvel initiated licensing activities in North America via its U.S. subsidiary, Sisvel US Inc.

6.      A subsidiary of the Sisvel Group founded in 2015, 3G Licensing, is an intellectual property company operating in the consumer electronics and telecommunications industry. The company is composed of specialists with an extensive experience in administering licensing programs on behalf on behalf of third-party companies and organizations.

7.      Upon information and belief, Defendant is a corporation organized and existing under the laws of Delaware, with its principal place of business at 115 Tabor Road, Morris Plains, New Jersey 07950.

8. Defendant maintains a registered agent for service of process in Delaware at Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Upon information and belief, Defendant sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that enter into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter jurisdiction of this case under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent law – 35 U.S.C. § 101, *et seq.*).

10. This Court has personal jurisdiction over Defendant because Defendant, because Defendant has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Del. Code. Ann. Tit. 3, § 3104, as Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware by regularly conducting and soliciting business within the State of Delaware and within this District, and because Plaintiffs' causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and this District.  Further, this Court has personal jurisdiction over Defendant because it is incorporated in the State of Delaware and have purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

11. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) as Defendant is incorporated in the State of Delaware.

## ACCUSED INSTRUMENTALITIES

12.     Defendant makes, uses, sells and offers for sale, provides, and causes to be used, now and within the past six years the GSMV4G, the LTE-L57V, both of which are included in Honeywell's Intrusion products, the Dolphin Handheld Computer products, the MX9HL Mobile Computer, the Thor VM3 Vehicle-Mounted Computer, the CN handheld Computer products, the GoDirect Router, and the CNX Series Routers ("Accused Instrumentalities"), among other such devices.

13.     Defendant advertises that the GSMV4G product is complaint with the 2G, 3G and 4G/LTE cellular network standards.  (*See* product datasheet for the GSMV4G, attached hereto as Exhibit 1).

14.     Defendant advertises that the LTE-L57V product is complaint with the 4G/LTE cellular network standards.  (*See* product datasheet for the LTE-L57V, attached hereto as Exhibit 2).

15.     Defendant advertises that the Dolphin Handheld Computer products is compliant with the 2G, 3G, and 4G/LTE cellular network standards.  (*See* product datasheet for the Dolphin Handheld Computer, attached hereto as Exhibit 3).

16.     Defendant advertises that the MX9HL Mobile Computer is compliant with the 2G cellular network standard.  (*See* product datasheet for the MX9HL Mobile Computer, attached hereto as Exhibit 4).

17.     Defendant advertises that the Thor VM3 Vehicle-Mounted Computer is compliant with the 2G, 3G, and 4G/LTE cellular network standards.  (*See* product datasheet for the Thor VM3 Vehicle-Mounted Computer, attached hereto as Exhibit 5).

18. Defendant advertises that CN handheld Computer products are compliant with the 2G cellular network standard. (*See* product datasheet for the CN handheld Computer products, attached hereto as Exhibit 6).

19. Defendant advertises that the GoDirect Router is compliant with the 3G and 4G/LTE cellular network standards. (*See* product datasheet for the GoDirect Router, attached hereto as Exhibit 7).

20. Defendant advertises that the CNX Series Routers are compliant with the 3G and 4G/LTE cellular network standards. (*See* product datasheet for the CNX Series Router, attached hereto as Exhibit 8).

## BACKGROUND

21. Plaintiffs are the owners by assignment of a portfolio of patents, including the six patents described in detail in the counts below (collectively, the "Asserted Patents"), that relate to technology for cellular communications networks, including variations or generations of cellular communication network technology such as, but not limited to 2G, 3G, and 4G/LTE.

22. Cellular communication network technology is used to provide data transmission across mobile cellular networks.

23. U.S. Patent Nos. 6,529,561 ("the '561 patent"), 7,433,698 ("the '698 patent"), 8,364,196 ("the '196 patent"), 7,751,803 ("the '803 patent"), and 7,894,443 ("the '443 patent") were assigned to Nokia Corporation either directly from the inventors or through mergers. In 2011 the '561, '698, '196, '803, and the '443 patents were assigned to a trust by Nokia Corporation. On April 10, 2012, Sisvel obtained ownership of the '561, '698, '196, '803, and the '443 patents.

24.     U.S. Patent No. 8,897,503 ("the '503 patent") was assigned to Research in Motion Ltd. from the inventors.  Research in Motion Ltd. changed its name to Blackberry, Ltd. in 2013. On November 16, 2018, the '503 patent was assigned to Provenance Asset Group LLC from Blackberry, Ltd.  On April 5, 2019, Sisvel obtained ownership of the '503 patent from Provenance Asset Group LLC.  On July 11, 2019, Sisvel assigned the '503 patent to 3G Licensing.

25.     Sisvel and 3G Licensing are the rightful owners of the Asserted Patents and holds the entire right, title and interest in the Asserted Patents.

26.     Sisvel first sent letters to Honeywell on September 25, 2017 offering for Honeywell to license Sisvel's patents essential to cellular standards including 3G technology. The correspondence dated September 25, 2017 identified certain Honeywell products, including the CN14 model that made use of cellular standards that infringed Sisvel's patents.

27.     Sisvel sent additional correspondence to Honeywell on January 31, 2018 again offering for Honeywell to license Sisvel's patents.  The January 31, 2018 letter specifically identified Honeywell products including the Dolphin CT50 Handheld Computer and the Dolphin 75e Handheld Computer as infringing Sisvel's patents including the '196 patent.  The January 31, 2018 correspondence attached a list of patents believed to be essential to cellular standards, which specifically identified the '561, '698, '196, '803, and the '443 patents.  The January 31, 2018 correspondence also attached a claim chart for the '803 patent demonstrating how the essential cellular standards practice the claims of the '803 patent.

28.     Sisvel followed its previous correspondence with an additional letter sent on February 28, 2019 once again offering Honeywell a license to patents essential to cellular standards including 3G and LTE standards.  The February 28, 2019 letter included a link to materials on Sisvel's website, which specifically identified the '698, '196, '803, and the '443 patents.  The

February 28, 2019 letter further identified infringing Honeywell products including the CN80, Dolphin CT40, Dolphin CT50, and Dolphin CT60.

29.     Following the February 28, 2019 letter, Sisvel and Honeywell exchanged additional correspondence regarding Sisvel's patent portfolio.  Despite Sisvel's continuous efforts over more than one year and numerous demonstrations of infringement, Honeywell refused to take a license to Sisvel's patents.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,529,561

30.     The allegations set forth in the foregoing paragraphs 1 through 29 are incorporated into this First Claim for Relief.

31.     On March 4, 2003, the '561 patent, entitled "Data Transmission In Radio System" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on May 10, 2001, which claims priority to a PCT application filed on September 7, 2000, and further claims priority to a foreign patent application filed on September 10, 1999. A true and correct copy of the '561 patent is attached as Exhibit 9.

32.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '561 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

33.     The '561 patent discloses a system and method that Plaintiff believes is essential under the 2G cellular standard as explained in attached Exhibit 10.  The 2G cellular standard is incorporated in the 3G and 4G LTE standards.  Thus, Defendant's Accused Instrumentalities that are compliant with the 2G, 3G and 4G LTE standards are necessarily infringing the '561 patent.

34.     Defendant was made aware of the '561 patent and its infringement thereof by correspondence from Plaintiff on January 31, 2018, as discussed above in paragraph 25.

35.    Defendant was made further aware of the '561 patent and its infringement thereof at least as early as the date of filing of this Complaint.

36.    Upon information and belief, Defendant has and continues to directly infringe at least claim 10 of the '561 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

37.    Since January 31, 2018, when it was first made aware of the '561 patent, Defendant's infringement has been, and continues to be willful.

38.    Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

39.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least claim 10 of the '561 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '561 patent.

40.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

41.    Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '561 patent because the invention of the '561 patent is required to comply with the relevant cellular standard.  Defendant

advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '561 patent. Defendant has knowingly induced infringement since at least January 31, 2018 when Defendant was first made aware of the '561 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 24-27 above.

42.     Upon information and belief, the Defendant is liable as a contributory infringer of the '561 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '561 patent. Each of the Accused Instrumentality is a material component for use in practicing the '561 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use. In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

43.     Plaintiffs have been harmed by Defendant's infringing activities.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,433,698

44.     The allegations set forth in the foregoing paragraphs 1 through 43 are incorporated into this Second Claim for Relief.

45.     On October 7, 2008, the '698 patent, entitled "Cell Reselection Signaling Method" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 10/181,078, which is the U.S. National Stage Application of PCT application No. PCT/FI01/00038, filed on January 17, 2001, which claims priority to a foreign patent application filed on January 17, 2000. A true and correct copy of the '698 patent is attached as Exhibit 11.

46.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '698 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

47.     The '698 patent discloses a system and method that Plaintiff believes is essential under the 3G cellular standard as explained in attached Exhibit 12.  The 3G cellular standard is incorporated in the 4G LTE standard.  Thus, Defendant's Accused Instrumentalities that are compliant with the 3G and 4G LTE standards are necessarily infringing the '698 patent.

48.     Defendant was made aware of the '698 patent and its infringement thereof by correspondence from Plaintiff on January 31, 2018 as discussed above in paragraph 25.

49.     Defendant was made further aware of the '698 patent and its infringement thereof at least as early as the date of filing of this Complaint.

50.     Upon information and belief, Defendant has and continues to directly infringe at least claims 10 and/or 11 of the '698 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

51.     Since January 31, 2018, when it was first made aware of the '698 patent, Defendant's infringement has been, and continues to be willful.

52.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

53.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 10 and/or 11 of the '698 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '698 patent.

54.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

55.     Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '698 patent because the invention of the '698 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '698 patent.  Defendant has knowingly induced infringement since at least January 31, 2018 when Defendant was first made aware of the '698 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 24-27 above.

56.     Upon information and belief, the Defendant is liable as a contributory infringer of the '698 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '698 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '698 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.  In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

57.     Plaintiffs have been harmed by Defendant's infringing activities.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,364,196

58.     The allegations set forth in the foregoing paragraphs 1 through 57 are incorporated into this Third Claim for Relief.

59.     On January 29, 2013, the '196 patent, entitled "Cell Reselection Signaling Method" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on August 19, 2008 and claims priority a foreign patent application filed on January 17, 2000.  A true and correct copy of the '196 patent is attached as Exhibit 13.

60.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '196 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

61.     The '196 patent discloses a system and method that Plaintiff believes is essential under the 3G cellular standard as explained in attached Exhibit 14.  The 3G cellular standard is incorporated in the 4G LTE standard.  Thus, Defendant's Accused Instrumentalities that are compliant with the 3G and 4G LTE standards are necessarily infringing the '196 patent.

62.     Defendant was made aware of the '196 patent and its infringement thereof by correspondence from Plaintiff on January 31, 2018 as discussed above in paragraph 25.

63.     Defendant was made further aware of the '196 patent and its infringement thereof at least as early as the date of filing of this Complaint.

64.     Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 2, 14, 17 and/or 18 of the '196 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

65.     Since January 31, 2018, when it was first made aware of the '196 patent, Defendant's infringement has been, and continues to be willful.

66.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

67.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 2, 14, 17 and/or 18 of the '196 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '196 patent.

68.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

69.     Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '196 patent because the invention of the '196 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '196 patent.  Defendant has knowingly induced infringement since at least January 31, 2018 when Defendant was first made aware of the '196 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 24-27 above.

70.     Upon information and belief, the Defendant is liable as a contributory infringer of the '196 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or

adapted for use in an infringement of the '196 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '196 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.  In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

71.     Plaintiffs have been harmed by Defendant's infringing activities.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,751,803

72.     The allegations set forth in the foregoing paragraphs 1 through 71 are incorporated into this Fourth Claim for Relief.

73.     On July 6, 2010, the '803 patent, entitled "Method and Arrangement For Optimizing the Re-Establishment of Connections In a Cellular Radio System Supporting Real Time and Non-Real Time Communications" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on February 22, 2001 and claims priority to foreign patent applications filed on February 24, 2000 and March 24, 2000.  A true and correct copy of the '803 patent is attached as Exhibit 15.

74.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '803 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

75.     The '803 patent discloses a system and method that Plaintiff believes is essential under the 3G cellular standard as explained in attached Exhibit 16.  The 3G cellular standard is incorporated in the 4G LTE standard.  Thus, Defendant's Accused Instrumentalities that are compliant with the 3G and 4G LTE standards are necessarily infringing the '803 patent.

76.     Defendant was made aware of the '803 patent and its infringement thereof by correspondence from Plaintiff on January 31, 2018 as discussed above in paragraph 25.

77.     Defendant was made further aware of the '803 patent and its infringement thereof at least as early as the date of filing of this Complaint.

78.     Upon information and belief, Defendant has and continues to directly infringe at least claim 17 of the '803 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

79.     Since January 31, 2018, when it was first made aware of the '803 patent, Defendant's infringement has been, and continues to be willful.

80.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

81.     Upon information and belief, Defendant has induced and continue to induce others to infringe at least claim 17 of the '803 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '803 patent.

82.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

83.     Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '803 patent because the invention of the '803 patent is required to comply with the relevant cellular standard.  Defendant

advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '803 patent. Defendant has knowingly induced infringement since at least January 31, 2018 when Defendant was first made aware of the '803 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 24-27 above.

84.     Upon information and belief, the Defendant is liable as a contributory infringer of the '803 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '803 patent. Each of the Accused Instrumentality is a material component for use in practicing the '803 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use. In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

85.     Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 7,894,443

86.     The allegations set forth in the foregoing paragraphs 1 through 85 are incorporated into this Fifth Claim for Relief.

87.     On February 22, 2011, the '443 patent, entitled "Radio Link Control Unacknowledged Mode Header Optimization" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on August 23, 2006, and claims priority to provisional patent application No. 60/710,193 filed on August 23, 2005. A true and correct copy of the '443 patent is attached as Exhibit 17.

88.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '443 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

89.     The '443 patent discloses a system and method that Plaintiff believes is essential under the 3G cellular standard as explained in attached Exhibit 18.  The 3G cellular standard is incorporated in the 4G LTE standard.  Thus, Defendant's Accused Instrumentalities that are compliant with the 3G and 4G LTE standards are necessarily infringing the '443 patent.

90.     Defendant was made aware of the '443 patent and its infringement thereof on by correspondence from Plaintiff on January 31, 2018, as discussed above in paragraph 25.

91.     Defendant was made further aware of the '443 patent and its infringement thereof at least as early as the date of filing of this Complaint.

92.     Upon information and belief, Defendant has and continues to directly infringe at least claim 16 of the '443 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

93.     Since January 31, 2018, when it was first made aware of the '443 patent, Defendant's infringement has been, and continues to be willful.

94.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

95.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claim 16 of the '443 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '443 patent.

96.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

97.     Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '443 patent because the invention of the '443 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '443 patent.  Defendant has knowingly induced infringement since at least January 31, 2018 when Defendant was first made aware of the '443 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 24-27 above.

98.     Upon information and belief, the Defendant is liable as a contributory infringer of the '443 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '443 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '443 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.  In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

99.     Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 8,879,503

100.     The allegations set forth in the foregoing paragraphs 1 through 99 are incorporated into this Sixth Claim for Relief.

101.    On November 4, 2014, the '503 patent, entitled "Voice Service in Evolved Packet System" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on September 26, 2011, and claims priority to a provisional patent application filed on June 3, 2009.  A true and correct copy of the '503 patent is attached as Exhibit 19.

102.    Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '503 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

103.    The '503 patent discloses a system and method that Plaintiff believes is essential under the 4G LTE cellular standard as explained in attached Exhibit 20.  Thus, Defendant's Accused Instrumentalities that are compliant with the 4G LTE standard are necessarily infringing the '503 patent.

104.    Defendant was made aware of the '503 patent and its infringement thereof at least as early as the date of filing of this Complaint.

105.    Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 2, 3, 7, 8, 9, and/or 10 of the '503 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

106.    Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

107.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 2, 3, 7, 8, 9, and/or 10 of the '503 patent under 35 U.S.C. § 271(b) by,

among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '503 patent.

108.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

109.    Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '503 patent because the invention of the '503 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '503 patent.  Defendant has knowingly induced infringement since at least the filing of this Complaint when Defendant was first made aware of the '503 patent.

110.    Upon information and belief, the Defendant is liable as a contributory infringer of the '503 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '503 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '503 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.  In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

111.    Plaintiffs have been harmed by Defendant's infringing activities.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable as such.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment for itself and against Defendant as follows:

A.      An adjudication that Defendant have infringed the '561, '698, '196, '803, '443, and '503 patents;

B.      An award of damages to be paid by Defendant adequate to compensate Plaintiffs for Defendant's past infringement of the '561, '698, '196, '803, '443, and '503 patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiffs' reasonable attorneys' fees; and

D.      An award to Plaintiffs of such further relief at law or in equity as the Court deems just and proper.

Dated: March 5, 2020

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
tdevlin@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiffs*
*SISVEL INTERNATIONAL S.A.*
*3G LICENSING S.A.*